E-FILED
Monday, 27 November, 2006  02:58:36 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LINDA GOETZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. |
| | ) |
| THE CITY OF SPRINGFIELD, ILLINOIS, | ) |
| a municipal corporation, GREG SEIPEL, | ) |
| JAY C. BARTLETT, TODD RENFROW | ) |
| and TIMOTHY J. DAVLIN, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Linda Goetz, and for her causes of action against the

Defendants, the City of Springfield, Illinois, a municipal corporation, Greg Seipel, Jay C.

Bartlett, Todd Renfrow and Timothy J. Davlin, states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States

Code, Sections 1331 and 1337 and Title 42 United States Code, Sections 1983, 1988 and 2000e-

5. This is a civil action arising under the laws of the United States. Specifically, this is an action

brought in furtherance of certain Acts of Congress: a) guaranteeing employees protection against

discriminatory treatment in employment because of race, color, religion, sex or national origin;

and b) guaranteeing to citizens of the United States protections against the acts of public officers

which infringe upon their rights under the Constitution of the United States.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue

of Title 28, United States Code, Section 1391(b) since each of the Defendants resides within the

judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

## PARTIES

1. That the Plaintiff, Linda Goetz, is a citizen of the United States. At times relevant to this case she was employed by the Department of Public Utilities ["Department"] of the City of Springfield, Illinois ["City"] as a key account manager. At times relevant to this proceeding, her position in the Department was classified as a project manager.

2. That the City is a municipal corporation organized under the laws of the state of Illinois which provided various public services to its residents. At times relevant to this proceeding, it provided public utilities services to residential and commercial customers through the Department.

3. That the Defendant, Greg Seipel, was at all times relevant to this proceeding employed by the Department as its superintendent of electric distribution. At all times relevant to this proceeding as a part of his duties for the Department, he was responsible for making recommendations and decisions relating to the terms and conditions of employment for various employees in the Department. He is named in this proceeding in his individual capacity and, for the purpose of implementing equitable relief, his official capacity for the City.

4. That the Defendant, Jay C. Bartlett, was at all times relevant to this proceeding employed with the Department as its chief utilities engineer. In that capacity, he was responsible for making recommendations and decisions regarding the terms and conditions of employment of individuals who worked in the Department. He is named in this proceeding in his individual capacity and, for the purpose of implementing equitable relief, his official capacity for the City.

5. That the Defendant, Todd Renfrow, was at all times relevant to this proceeding employed as the director of the Department. In that position, he oversaw various terms and conditions of employment and made recommendations and decisions regarding the terms and conditions of employment of individuals working in the Department. He is named in this proceeding in his individual capacity and, for the purpose of implementing equitable relief, his official capacity for the City.

6. That the Defendant, Timothy J. Davlin, was at all times relevant to this proceeding employed as the elected mayor of the City. In that position, he was ultimately responsible for decisions regarding the terms and conditions of employment of individuals working in the Department. He is named in this proceeding in his individual capacity and, for the purpose of implementing equitable relief, his official capacity for the City.

## ALLEGATIONS COMMON TO ALL COUNTS

7. That at all times relevant to this proceeding, the City, a municipal corporation, provided utility services to its residents through the Department. In this respect, the Department generated, transmitted and distributed electrical power for the use of its citizens.

8. That the Plaintiff, Linda Goetz, was employed by the City from April of 1999 until April 9, 2006. At all times relevant to this proceeding, she worked as its key accounts manager.

9. That the Plaintiff, Linda Goetz, was initially hired by the City as an electric power marketer. In March of 1999 she became the key account manager of the Department. Her position classification was later changed to project manager.

10. That at all times pertinent to this proceeding, the Plaintiff, Linda Goetz, performed her job for the City in a fully satisfactory fashion and in accordance with all reasonable

employment expectancies that the City had for her. On March 3, 2006 she was fully qualified to hold other project manager positions which existed in the Department.

11. That as the key account manager of the Department, the job of the Plaintiff, Linda Goetz, required her to call upon firms which were sizeable consumers of power marketed by the Department. The Plaintiff, Linda Goetz, had approximately twenty six (26) years of experience in marketing power to customers of either public utilities or an investor owned utilities including seven years working directly with the Department's key account customers.

12. That in March of 2005, the Plaintiff, Linda Goetz, was transferred from the central office of the Department to an operations and engineering facility of the Department located at 10th and Miller Streets in Springfield, Illinois. At that time, she was informed that it was imperative to place new emphasis and dedication of the Department's resources toward its key accounts. At no time thereafter was the Plaintiff, Linda Goetz, told that the Department was changing its emphasis on key accounts.

13. That while working at the Department's 10th and Miller facility, there were three project managers. Of those , the Plaintiff, Linda Goetz, was the only female project manager.

14. That at all times while the Plaintiff, Linda Goetz, worked at the 10th and Miller facility of the Department, there was only one other female employee working at that location who had a position of equal responsibility to the Plaintiff, Linda Goetz. Most of the female employees working at that facility had positions which were covered by collective bargaining agreements.

15. That upon her reassignment to the 10th and Miller facility of the Department, the Plaintiff, Linda Goetz, began sharing key account responsibilities with a male project manager.

That individual had significantly less training, background and experience in the direct marketing of utility services and in dealing with the Department's key accounts than did the Plaintiff, Linda Goetz. Following her arrival at the 10th and Miller facility of the Department, the Plaintiff, Linda Goetz, essentially trained the male project manager in the duties and responsibilities of her position.

16. That following the reassignment of the Plaintiff, Linda Goetz, to the 10th and Miller facility of the Department, the Defendant, Greg Seipel, initiated efforts to send the male project manager for extensive "fast track" training in key accounts. All of this training the Plaintiff, Linda Goetz, already possessed.

17. That between April 25, 2005 and April 21, 2006, the emails sent or received from the personal email account of the Plaintiff, Linda Goetz, were forwarded to her City computer where they were accessible to the City, its employees or officials. On information and belief, this transfer was undertaken and accomplished by officials of the City.

18. That on January 20, 2006, the Plaintiff, Linda Goetz, without explanation was removed from her active employment with the City and placed on a paid administrative leave. She remained in an administrative leave status through the balance of her employment with the City. During the period she was on administrative leave, the Plaintiff, Linda Goetz, was instructed to remain at home and be available to accept assignments. However, during the time period she was on leave, no assignments were given to her.

19. That immediately prior to being placed on administrative leave, the computer assigned to the Plaintiff, Linda Goetz, was without explanation removed from her workstation.

20. That during the time period she was on administrative leave, the male project manager who the Plaintiff, Linda Goetz, had been training regarding key account matters requested information and assistance from her with respect to various key account matters.

21. That in February of 2006 while the Plaintiff, Linda Goetz, was on administrative leave, a meeting was held by the Department which included representatives from many of the Department's largest accounts. During that meeting, the male project manager referred to above was introduced by officials of the City as the representative of the Department who would be the contact person for key accounts. Prior to being placed on administrative leave, the Plaintiff, Linda Goetz, performed that assignment for the City.

22. That on March 3, 2006 the Plaintiff, Linda Goetz, was informed by the Department that she was being laid off from her position with the City. On information and belief, the Plaintiff, Linda Goetz, was the only individual within the Department who was laid off from employment with the Department at that time.

23. That although the Plaintiff, Linda Goetz, was terminated, she on information and belief asserts that in the City's budget for the fiscal year beginning March 1, 2006 there was no reduction in the Department's funding for personnel and no funding reduction for project manager positions within the Department.

24. That at the time the Plaintiff, Linda Goetz, was laid off from employment with the City, the male project manager referred to above remained in the Department and on information and belief does the work the Plaintiff, Linda Goetz, formerly did. By virtue of background, training and experience he is less qualified than the Plaintiff, Linda Goetz, for the position he now performs with the Department.

25.  That the male project manager referred to above had less service with the Department than did the Plaintiff, Linda Goetz.  Other than his responsibilities with key accounts, his job duties and responsibilities were essentially clerical in nature and, by his own admission to the Plaintiff, Linda Goetz, were of a part-time nature.

### COUNT I

For her first cause of action against the City, the Plaintiff, Linda Goetz, states as follows:

1-25.  For paragraphs 1 through 25 of Count I, the Plaintiff, Linda Goetz, incorporates in this Count paragraphs 1 through 25 from above.

26.  That all times pertinent to this proceeding the City did, in connection with its governmental enterprise, employ individuals.  It constitutes an employer as that term is defined in 42 U.S.C. § 2000e.

27.  That within the time prescribed by law the Plaintiff, Linda Goetz, did cause to file with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ["EEOC"] a timely charge of civil rights violation against the City.  Within ninety days preceding the initiation of this judicial proceeding, the Plaintiff, Linda Goetz, received notice of her right to sue with respect to her charge of civil rights violation as provided by 42 U.S.C. § 2000e-16(c).

28.  That as more particularly described above the City has discriminated against the Plaintiff, Linda Goetz, on the basis of her sex in violation of 42 U.S.C. § 2000e-2(a) in one or more of the following respects:

a) it removed the Plaintiff, Linda Goetz, from her position as key account manager in the Department while retaining a male employee who, by virtue of background and work experience,

was less qualified than the Plaintiff, Linda Goetz, for the positions which remained in the Department; and

b) it terminated the Plaintiff, Linda Goetz, from her position of employment with the City and effectively replaced her with a less experienced and less qualified male.

29. That as a direct and proximate result of the conduct described above the Plaintiff, Linda Goetz, has sustained a loss of her employment and the salary and employment benefits which were a part of her employment with the City together with emotional trauma, mental anguish, embarrassment, humiliation, inconvenience and the loss of the enjoyment of life all of which has resulted in injury and damage to her.

## COUNT II

For her first cause of action against the Defendant, Greg Seipel, the Plaintiff, Linda Goetz, states as follows:

1-25. That the Plaintiff, Linda Goetz, incorporates paragraphs 1 through 25 above as paragraphs 1 through 25 of Count II.

26. That at all times relevant to this proceeding the Defendant, Greg Seipel, was an employee of the City and acted in furtherance of his capacity as a supervisory employee of the City. The actions complained of against him did occur under color of law.

27. That upon information and belief, the Defendant, Greg Seipel, directed, recommended and approved the actions taken against the Plaintiff, Linda Goetz, as described above.

28. That the Defendant, Greg Seipel, through the conduct described above, treated the Plaintiff, Linda Goetz, differently and less favorably than other project managers working under

his supervision in the Department because of her sex in violation of her right to equal protection of the laws as guaranteed under the Fourteenth Amendment to the Constitution of the United States.

29.  That as a direct and proximate result of the conduct described above the Plaintiff, Linda Goetz, has sustained monetary damages, emotional trauma, mental anguish, embarrassment, humiliation, inconvenience and loss of the enjoyment of life all of which has resulted in injury and damage to her.

## COUNT III

For her first cause of action against the Defendant, Jay C. Bartlett, the Plaintiff, Linda Goetz, states as follows:

1-25.  That the Plaintiff, Linda Goetz, incorporates paragraphs 1 through 25 above as paragraphs 1 through 25 of Count III.

26.  That at all times relevant to this proceeding the Defendant, Jay C. Bartlett, was an employee of the City and acted in furtherance of his capacity as a supervisor within the Department.  The actions complained of against him did occur under color of law.

27.  That upon information and belief, the Defendant, Jay C. Bartlett, directed, recommended or approved the actions taken against the Plaintiff, Linda Goetz, as described above.

28.  That the Defendant, Jay C. Bartlett, through the conduct described above, treated the Plaintiff, Linda Goetz, differently and less favorably than other project managers employed in the Department because of her sex in violation of her right to equal protection of the laws as guaranteed under the Fourteenth Amendment to the Constitution of the United States.

29. That as a direct and proximate result of the conduct described above the Plaintiff, Linda Goetz, has sustained monetary damages, emotional trauma, mental anguish, embarrassment, humiliation, inconvenience and loss of the enjoyment of life all of which has resulted in injury and damage to her.

### COUNT IV

For first her cause of action against the Defendant, Todd Renfrow, the Plaintiff, Linda Goetz, states as follows:

1-25. That the Plaintiff, Linda Goetz, incorporates paragraphs 1 through 25 above as paragraphs 1 through 25 of Count IV.

26. That at all times relevant to this proceeding the Defendant, Todd Renfrow, was an official of the City and acted in furtherance of his capacity as the director of the Department. The actions complained of against him did occur under color of law.

27. That upon information and belief, the Defendant, Todd Renfrow, recommended, directed or approved the actions taken against the Plaintiff, Linda Goetz, as described above.

28. That the Defendant, Todd Renfrow, through the conduct described above, treated the Plaintiff, Linda Goetz, differently and less favorably than other project managers employed in the Department because of her sex in violation of her right to equal protection of the laws as guaranteed under the Fourteenth Amendment to the Constitution of the United States.

29. That as a direct and proximate result of the conduct described above the Plaintiff, Linda Goetz, has sustained monetary damages, emotional trauma, mental anguish, embarrassment, humiliation, inconvenience and loss of the enjoyment of life all of which has resulted in injury and damage to her.

## **COUNT V**

For first her cause of action against the Defendant, Timothy J. Davlin, the Plaintiff, Linda Goetz, states as follows:

1-25.  That the Plaintiff, Linda Goetz, incorporates paragraphs 1 through 25 above as paragraphs 1 through 25 of Count V.

26.  That at all times relevant to this proceeding the Defendant, Timothy J. Davlin, was the Mayor of the City and acted in furtherance of his capacity as its Mayor.  The actions complained of against him did occur under color of law.

27.  That the Defendant, Timothy J. Davlin, approved or directed the actions taken against the Plaintiff, Linda Goetz, as described above.

28.  That the Defendant, Timothy J. Davlin, through the conduct described above, treated the Plaintiff, Linda Goetz, differently and less favorably than other project managers in the Department because of her sex in violation of her right to equal protection of the laws as guaranteed under the Fourteenth Amendment to the Constitution of the United States.

29.  That as a direct and proximate result of the conduct described above the Plaintiff, Linda Goetz, has sustained monetary damages, emotional trauma, mental anguish, embarrassment, humiliation, inconvenience and loss of the enjoyment of life all of which has resulted in injury and damage to her.

## **COUNT VI**

For her second cause of action against the City, the Plaintiff, Linda Goetz, states as follows:

1-25.  That the Plaintiff, Linda Goetz, incorporates paragraphs 1 through 25 above as paragraphs 1 through 25 of Count VI.

26.  That at all times relevant to this proceeding the City acted in furtherance of its governmental enterprise and the actions complained of against it did occur under color of law.

27.  That as the Mayor of the City and as the director of the Department the Defendants, Timothy J. Davlin and Todd Renfrow, were entrusted by the City with certain responsibilities to make and formulate the policies of the City including, but not limited to, certain personnel policies for employees of the Department.

28.  That the City took the actions against the Plaintiff, Linda Goetz, which are described above.

29.  That the City, through the conduct described above including the conduct of some of its policymaking officials, treated the Plaintiff, Linda Goetz, differently and less favorably than other project managers in the Department because of her sex in violation of her right to equal protection of the laws as guaranteed under the Fourteenth Amendment to the Constitution of the United States.

30.  That as a direct and proximate result of the conduct described above the Plaintiff, Linda Goetz, has sustained monetary damages, emotional trauma, mental anguish, embarrassment, humiliation, inconvenience and loss of the enjoyment of life all of which has resulted in injury and damage to her.

## COUNT VII

For her second cause of action against the Defendant, Greg Seipel, the Plaintiff, Linda Goetz, in the alternative to the claims earlier made by her against the Defendant, Greg Seipel,

states as follows:

1-25.  That the Plaintiff, Linda Goetz, incorporates paragraphs 1 through 25 above as paragraphs 1 through 25 of Count VII.

26.  That at all times relevant to this proceeding the Defendant, Greg Seipel, was acting in furtherance of his capacity as the superintendent of electrical distribution in the Department.  The actions complained of against him did occur under color of law.

27.  That at all times pertinent to this proceeding the City had adopted pursuant to the terms of the "Illinois Municipal Code" a civil service system.  The position held by the Plaintiff, Linda Goetz, was a position within the classified civil service of the City.

28.  That by virtue of Section 10-1-18 of the "Illinois Municipal Code" [65 ILCS 5/10-1-18] and Section 36.31 of the "Springfield City Code", the Plaintiff, Linda Goetz, as a non probationary civil service employee, could not be discharged from her employment absent cause.  Accordingly, she possessed a property interest in her employment with the City.

29.  That because of the property interest held by the Plaintiff, Linda Goetz, in her employment with the City she could not be disciplined in the form of termination from employment with the City without being provided with both:  a) a pre-disciplinary hearing that would afford her with an opportunity to be made aware of the reasons that discipline was contemplated against her and a reasonable opportunity to respond to those reasons before any decision concerning discipline was made; and b) an opportunity for a prompt hearing following the assessment of such disciplinary action to determine its propriety.

30.  That on or about January 20, 2006 the Plaintiff, Linda Goetz, was removed from active employment with the City and placed on a paid administrative leave which extended until

the time her employment was terminated.

31. That on or about March 3, 2006 the Plaintiff, Linda Goetz, was informed that she was being terminated from her employment with the Department.

32. That on information and belief no other employees of the City were terminated from employment through a layoff at anytime proximate to the date the Plaintiff, Linda Goetz, was removed from her employment with the City.

33. That on information and belief the actions taken by the City in placing the Plaintiff, Linda Goetz, on administrative leave and thereafter terminating her employment were based upon a belief by one or more of the Defendants that she had engaged in some act or omission which was cause for her removal from employment with the City.

34. That upon information and belief the Defendant, Greg Seipel, directed, recommended or approved the actions taken against the Plaintiff, Linda Goetz, as described above.

35. That by virtue of the manner in which the Plaintiff, Linda Goetz, was removed from her employment with the City she was denied any opportunity for a hearing either before or following her removal to challenge that action.

36. That by virtue of the foregoing, the Defendant, Greg Seipel, removed the Plaintiff, Linda Goetz, from her position of employment with the City without affording her any opportunity either before or after that deprivation to challenge its propriety. In so doing, the Defendant, Greg Seipel, deprived the Plaintiff, Linda Goetz, of a property interest in her employment without due process of law contrary to rights afforded to her under the Fourteenth Amendment to the Constitution of the United States.

37. That as a direct and proximate result of the foregoing conduct, the Plaintiff, Linda Goetz, has sustained the loss of her employment and the economic benefits derived by her through that employment. Additionally, she has suffered emotional pain and anguish, damage to her reputation, embarrassment, humiliation, inconvenience and the loss of enjoyment of life.

## COUNT VIII

For her second cause of action against the Defendant, Jay C. Bartlett, the Plaintiff, Linda Goetz, in the alternative to the claims earlier made by her against the Defendant, Jay C. Bartlett, states as follows:

1-25. That the Plaintiff, Linda Goetz, incorporates paragraphs 1 through 25 above as paragraphs 1 through 25 of Count VIII.

26. That at all times relevant to this proceeding the Defendant, Jay C. Bartlett, was acting in furtherance of his capacity as a supervisory employee in the Department. The actions complained of against him did occur under color of law.

27. That at all times pertinent to this proceeding the City had adopted pursuant to the terms of the "Illinois Municipal Code" a civil service system. The position held by the Plaintiff, Linda Goetz, was a position within the classified civil service of the City.

28. That by virtue of Section 10-1-18 of the "Illinois Municipal Code" [65 ILCS 5/10-1-18] and Section 36.31 of the "Springfield City Code", the Plaintiff, Linda Goetz, as a non probationary civil service employee, could not be discharged from employment absent cause. Accordingly, she possessed a property interest in her employment with the City.

29. That because of the property interest held by the Plaintiff, Linda Goetz, in her employment with the City she could not be disciplined in the form of a termination from

employment with the City without being provided with both: a) a pre-disciplinary hearing that would afford her with an opportunity to be made aware of the reasons that discipline was contemplated against her and a reasonable opportunity to respond to those reasons before any decision concerning discipline was made; and b) an opportunity for a prompt hearing following the assessment of such disciplinary action to determine its propriety.

30. That on or about January 20, 2006 the Plaintiff, Linda Goetz, was removed from active employment with the City and placed on a paid administrative leave which extended until the time her employment was terminated.

31. That on or about March 3, 2006 the Plaintiff, Linda Goetz, was informed that she was being terminated from her employment with the Department.

32. That on information and belief no other employees of the City were terminated from employment through a layoff at anytime proximate to the date the Plaintiff, Linda Goetz, was removed from her employment with the City.

33. That on information and belief the actions taken by the City in placing the Plaintiff, Linda Goetz, on administrative leave and thereafter terminating her employment was based upon a belief by one or more of the Defendants that she had engaged in some act or omission which was cause for her removal from employment with the City.

34. That upon information and belief the Defendant, Jay C. Bartlett, directed, recommended or approved the actions taken against the Plaintiff, Linda Goetz, as described above.

35. That by virtue of the manner in which the Plaintiff, Linda Goetz, was removed from her employment with the City she was denied any hearing opportunity either before or following

her removal to challenge that action.

36.   That by virtue of the foregoing, the Defendant, Jay C. Bartlett, removed the Plaintiff, Linda Goetz, from her position of employment with the City without affording her any opportunity either before or after that deprivation to challenge its propriety.  In so doing, the Defendant, Jay C. Bartlett, deprived the Plaintiff, Linda Goetz, of a property interest in her employment without due process of law contrary to rights afforded to her under the Fourteenth Amendment to the Constitution of the United States.

37.   That as a direct and proximate result of the foregoing conduct, the Plaintiff, Linda Goetz, has sustained the loss of her employment and the economic benefits derived by her through that employment.  Additionally, she has suffered emotional pain and anguish, damage to her reputation, embarrassment, humiliation, inconvenience and the loss of enjoyment of life.

## COUNT IX

For her second cause of action against the Defendant, Todd Renfrow, the Plaintiff, Linda Goetz, in the alternative to the claims earlier made by her against the Defendant, Todd Renfrow, states as follows:

1-25.   That the Plaintiff, Linda Goetz, incorporates paragraphs 1 through 25 above as paragraphs 1 through 25 of Count IX.

26.   That at all times relevant to this proceeding the Defendant, Todd Renfrow, was acting in furtherance of his capacity as an official of the City.  The actions complained of against him did occur under color of law.

27.   That at all times pertinent to this proceeding the City had adopted pursuant to the terms of the "Illinois Municipal Code" a civil service system.  The position held by the Plaintiff,

Linda Goetz, was a position within the classified civil service of the City.

28. That by virtue of Section 10-1-18 of the "Illinois Municipal Code" [65 ILCS 5/10-1-18] and Section 36.31 of the "Springfield City Code", the Plaintiff, Linda Goetz, as a non probationary civil service employee, could not be discharged from employment absent cause. Accordingly, she possessed a property interest in her employment with the City.

29. That because of the property interest held by the Plaintiff, Linda Goetz, in her employment with the City she could not be disciplined in the form of a termination from employment with the City without being provided with both: a) a pre-disciplinary hearing that would afford her with an opportunity to be made aware of the reasons that discipline was contemplated against her and a reasonable opportunity to respond to those reasons before any decision concerning discipline was made; and b) an opportunity for a prompt hearing following the assessment of such disciplinary action to determine its propriety.

30. That on or about January 20, 2006 the Plaintiff, Linda Goetz, was removed from active employment with the City and placed on a paid administrative leave which extended until the time her employment was terminated.

31. That on or about March 3, 2006 the Plaintiff, Linda Goetz, was informed that she was being terminated from her employment with the Department.

32. That on information and belief no other employees of the City were terminated from employment through a layoff at anytime proximate to the date the Plaintiff, Linda Goetz, was removed from her employment with the City.

33. That on information and belief the actions taken by the City in placing the Plaintiff, Linda Goetz, on administrative leave and thereafter terminating her employment were based

upon a belief by one or more of the Defendants that she had engaged in some act or omission which was cause for her removal from employment with the City.

34.  That upon information and belief the Defendant, Todd Renfrow, directed, recommended or approved the actions taken against the Plaintiff, Linda Goetz, as described above.

35.  That by virtue of the manner in which the Plaintiff, Linda Goetz, was removed from her employment with the City she was denied any hearing opportunity either before or following her removal to challenge that action.

36.  That by virtue of the foregoing, the Defendant, Todd Renfrow, removed the Plaintiff, Linda Goetz, from her position of employment with the City without affording her any opportunity either before or after that deprivation to challenge its propriety.  In so doing, the Defendant, Todd Renfrow, deprived the Plaintiff, Linda Goetz, of a property interest in her employment without due process of law contrary to rights afforded to her under the Fourteenth Amendment to the Constitution of the United States.

37.  That as a direct and proximate result of the foregoing conduct, the Plaintiff, Linda Goetz, has sustained the loss of her employment and the economic benefits derived by her through that employment.  Additionally, she has suffered emotional pain and anguish, damage to her reputation, embarrassment, humiliation, inconvenience and the loss of enjoyment of life.

## COUNT X

For her second cause of action against the Defendant, Timothy J. Davlin, the Plaintiff, Linda Goetz, in the alternative to the claims earlier made by her against the Defendant, Timothy J. Davlin, states as follows:

1-25.   That the Plaintiff, Linda Goetz, incorporates paragraphs 1 through 25 above as paragraphs 1 through 25 of Count X.

26.   That at all times relevant to this proceeding the Defendant, Timothy J. Davlin, was acting in furtherance of his capacity as Mayor of the City.  The actions complained of against him did occur under color of law.

27.   That at all times pertinent to this proceeding the City had adopted pursuant to the terms of the "Illinois Municipal Code" a civil service system.  The position held by the Plaintiff, Linda Goetz, was a position within the classified civil service of the City.

28.   That by virtue of Section 10-1-18 of the "Illinois Municipal Code" [65 ILCS 5/10-1-18] and Section 36.31 of the "Springfield City Code", the Plaintiff, Linda Goetz, as a non probationary civil service employee, could not be discharged from employment absent cause. Accordingly, she possessed a property interest in her employment with the City.

29.   That because of the property interest held by the Plaintiff, Linda Goetz, in her employment with the City she could not be disciplined in the form of a termination from employment with the City without being provided with both:  a) a pre-disciplinary hearing that would afford her with an opportunity to be made aware of the reasons that discipline was contemplated against her and a reasonable opportunity to respond to those reasons before any decision concerning discipline was made; and b) an opportunity for a prompt hearing following the assessment of such disciplinary action to determine its propriety.

30.   That on or about January 20, 2006 the Plaintiff, Linda Goetz, was removed from active employment with the City and placed on a paid administrative leave which extended until the time her employment was terminated.

31. That on or about March 3, 2006 the Plaintiff, Linda Goetz, was informed that she was being terminated from her employment with the Department.

32. That on information and belief no other employees of the City were terminated from employment through a layoff at anytime proximate to the date the Plaintiff, Linda Goetz, was removed from her employment with the City.

33. That on information and belief the actions taken by the City in placing the Plaintiff, Linda Goetz, on administrative leave and thereafter terminating her employment were based upon a belief by one or more of the Defendants that she had engaged in some act or omission which was cause for her removal from employment with the City.

34. That upon information and belief the Defendant, Timothy J. Davlin, either directed or approved the actions taken against the Plaintiff, Linda Goetz, as described above.

35. That by virtue of the manner in which the Plaintiff, Linda Goetz, was removed from her employment with the City she was denied any hearing opportunity either before or following her removal to challenge that action.

36. That by virtue of the foregoing, the Defendant, Timothy J. Davlin, removed the Plaintiff, Linda Goetz, from her position of employment with the City without affording her any opportunity either before or after that deprivation to challenge its propriety. In so doing, the Defendant, Timothy J. Davlin, deprived the Plaintiff, Linda Goetz, of a property interest in her employment without due process of law contrary to rights afforded to her under the Fourteenth Amendment to the Constitution of the United States.

37. That as a direct and proximate result of the foregoing conduct, the Plaintiff, Linda Goetz, has sustained the loss of her employment and the economic benefits derived by her

through that employment. Additionally, she has suffered emotional pain and anguish, damage to her reputation, embarrassment, humiliation, inconvenience and the loss of enjoyment of life.

## COUNT XI

For her third cause of action against the City, the Plaintiff, Linda Goetz, in the alternative to her other claims against the City, states as follows:

1-25. That the Plaintiff, Linda Goetz, incorporates paragraphs 1 through 25 above as paragraphs 1 through 25 of Count XI.

26. That at all times relevant to this proceeding the City acted in furtherance of its governmental enterprise and the actions complained of against it did occur under color of law.

27. That as the Mayor of the City and as the director of the Department the Defendants, Timothy J. Davlin and Todd Renfrow, were entrusted by the City with certain responsibilities to make and formulate the policies of the City including, but not limited to, certain personnel policies for employees of the Department.

28. That at all times pertinent to this proceeding the City had adopted pursuant to the terms of the "Illinois Municipal Code" a civil service system. The position held by the Plaintiff, Linda Goetz, was a position within the classified civil service of the City.

29. That by virtue of Section 10-1-18 of the "Illinois Municipal Code" [65 ILCS 5/10-1-18] and Section 36.31 of the "Springfield City Code", the Plaintiff, Linda Goetz, as a non probationary civil service employee, could not be discharged from employment absent cause. Accordingly, she possessed a property interest in her employment with the City.

30. That because of the property interest held by the Plaintiff, Linda Goetz, in her employment with the City she could not be disciplined in the form of a termination from

employment with the City without being provided with both: a) a pre-disciplinary hearing that would afford her with an opportunity to be made aware of the reasons that discipline was contemplated against her and a reasonable opportunity to respond to those reasons before any decision concerning discipline was made; and b) an opportunity for a prompt hearing following the assessment of such disciplinary action to determine its propriety.

31. That on or about January 20, 2006 the Plaintiff, Linda Goetz, was removed from active employment with the City and placed on a paid administrative leave which extended until the time her employment was terminated.

32. That on or about March 3, 2006 the Plaintiff, Linda Goetz, was informed that she was being terminated from her employment with the Department.

33. That on information and belief no other employees of the City were terminated from employment through a layoff at anytime proximate to the date the Plaintiff, Linda Goetz, was removed from her employment with the City.

34. That on information and belief the actions taken by the City in placing the Plaintiff, Linda Goetz, on administrative leave and thereafter terminating her employment were based upon a belief by one or more of the Defendants that she had engaged in some act or omission which was cause for her removal from employment with the City.

35. That upon information and belief the City approved the actions taken against the Plaintiff, Linda Goetz, as described above.

36. That by virtue of the manner in which the Plaintiff, Linda Goetz, was removed from her employment with the City she was denied any hearing opportunity either before or following her removal to challenge that action.

37. That by virtue of the foregoing, the City, through the conduct of one or more of its policymaking officials, removed the Plaintiff, Linda Goetz, from her position of employment with it without affording her any opportunity either before or after that deprivation to challenge its propriety. In so doing, the City deprived the Plaintiff, Linda Goetz, of a property interest in her employment without due process of law contrary to rights afforded to her under the Fourteenth Amendment to the Constitution of the United States.

38. That as a direct and proximate result of the foregoing conduct, the Plaintiff, Linda Goetz, has sustained the loss of her employment and the economic benefits derived by her through that employment. Additionally, she has suffered emotional pain and anguish, damage to her reputation, embarrassment, humiliation, inconvenience and the loss of enjoyment of life.

WHEREFORE, the Plaintiff, Linda Goetz, respectfully requests that this Court enter judgment in her favor and against each of the Defendants, the City of Springfield, Illinois, a municipal corporation, Greg Seipel, Jay C. Bartlett, Todd Renfrow and Timothy J. Davlin, and provide her with the following relief:

A. Enter a declaratory judgment that the City has deprived the Plaintiff, Linda Goetz, with rights to which guaranteed her under 42 U.S.C. 2000e-2 and that all of the Defendants have deprived the Plaintiff, Linda Goetz, with rights to which she is entitled to protection under the Fourteenth Amendment to the Constitution of the United States;

B. Direct that the Defendants, the City of Springfield, Illinois, a municipal corporation, Greg Seipel, Jay C. Bartlett, Todd Renfrow and Timothy J. Davlin, take such steps as might be reasonably necessary to reinstate the Plaintiff, Linda Goetz, to employment with the City in the same position and with all salaries, benefits, duties and responsibilities which she would have

possessed absent the conduct described above;

    C. Award the Plaintiff, Linda Goetz, damages sufficient to compensate her for all lost salaries, lost benefits and other economic damages which she sustained because of the conduct described above;

    D. Assess against all Defendants and in favor of the Plaintiff, Linda Goetz, both compensatory and, to the extent provided by law, exemplary damages;

    E. Assess against the Defendants and in favor of the Plaintiff, Linda Goetz, an award of attorneys' fees and costs of suit; and

    F. Provide such other relief as is just and proper.

    THE PLAINTIFF, LINDA GOETZ, DEMANDS THAT ALL ISSUES RAISED IN THIS PROCEEDING BE TRIED BY JURY.

LINDA GOETZ, Plaintiff

By:   s/ James P. Baker
      James P. Baker
      Bar Number: 0097802
      Baker, Baker & Krajewski, LLC
      415 South Seventh Street
      Springfield, Illinois 62701
      Telephone: (217) 522-3445
      Facsimile: (217) 522-8234
      E-mail: brendabakerlaw@sbcglobal.net
      (Complaints/goetzl 102506)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Linda Goetz

**DEFENDANTS**
THE CITY OF SPRINGFIELD, ILLINOIS, a municipal corporation, GREG SEIPEL, JAY C. BARTLETT, TODD RENFROW and TIMOTHY DAVLIN,

**(b)** County of Residence of First _____Sangamon_____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First _____Sangamon_____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James P. Baker
Baker, Baker & Krajewski LLC
415 South Seventh Street
Springfield, Illinois 62701
(217) 522-3445

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

x 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                        and One Box for Defendant

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x 1 | X 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENAL | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150   Recovery   of | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| Overpayment Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| Judgment Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153   Recovery   of | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360  Other  Personal | Product Liability | ☐ 720   Labor/Mgmt. | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | Injury | | Relations | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | x 442 Employment | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | or Defendant) | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

x 1  Original Proceeding   ☐ 2  Removed from State Court   ☐ 3  Remanded from Appellate Court   ☐ 4  Reinstated or Reopened   ☐ 5  Transferred from another district (specify)   ☐ 6  Multidistrict Litigation   ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

This is an action brought in furtherance of a certain Acts of Congress guaranteeing: a)  employees protection against discriminatory treatment in employment because of race, color, religion, sex or national origin; and b) citizens protections against the acts of public officers which infringe upon their rights under the Constitution of the United States.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND** over $10,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   x Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  November 27, 2006

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY