# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LINDA GOETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-3283 |
| | ) | |
| THE CITY OF SPRINGFIELD, ILLINOIS, | ) | |
| a municipal corporation, GREG SEIPEL, | ) | |
| JAY C. BARTLETT, TODD RENFROW | ) | |
| and TIMOTHY J. DAVLIN, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE BY WAIVER

Notice is hereby given to the Court that pursuant to Local Rule 4.1 the Plaintiff, Linda Goetz, has elected to notify the Defendants, Greg Seipel, Jay C. Bartlett, Todd Renfrow and Timothy Davlin, of the commencement of this action by requesting that the Defendants waive service of a summons, proof of the written notice of the lawsuit and request for waiver of service of summons along with the complaint and certificate of interest was mailed to each of the Defendants by certified mail on December 8, 2006, see attached notices and waivers.

By:    s/ James P. Baker
      James P. Baker
      Bar Number: 0097802
      Baker, Baker & Krajewski, LLC
      415 South Seventh Street
      Springfield, Illinois 62701
      Telephone: (217) 522-3445
      Facsimile: (217) 522-8234
      E-mail: carenbakerlaw@sbcglobal.net

December 12, 2006
DATE

E-FILED
Tuesday, 12 December, 2006  12:07:47 AM
Clerk, U.S. District Court, ILCD

# NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE FOR SUMMONS

TO:(A) JAY C. BARTLETT  (B) Defendant  (C)

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) Central District of Illinois, and has been assigned docket number (E) 06-3283.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designed below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before sixty days from the date designated below as the date on which this notice is sent (or before 90 days from that date if you address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being mailed to you on behalf of the Plaintiff this _8th_ day of December, 2006.

_____
Signat

(a) - Name of individual defendant or name of officer or agent of corporate defendant.
(B) - title or other relationship of individual to corporate defendant.
(C) - name of corporate defendant, if any
(D) - district
(E) - docket number of action
(F) - addressee must be given at least 30 days in which to return waiver

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

| | |
|---|---|
| Postage | $ 1.59 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.84 |

Postmark 12 8 06

Sent To  Jay C. Bartlett
Street     Municipal Center East
           800 East Monroe
City, St   Springfield, Illinois 62757

PS Form 3800, May 2000        See Reverse for Instructi

# WAIVER OF SERVICE OF SUMMONS

## TO:  JAMES P. BAKER, ATTORNEY

I acknowledge receipt of your request that I waive service of a summons in the action of *Linda Goetz v. The City of Springfield, Illinois, Greg Seipel, Jay C. Bartlett, Todd Renfrow, and Timothy Davlin* which is case number 06-3283 in the United States District Court for the Central District of Illinois, Springfield Division.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>December 8, 2006</u> or within 90 days after that date if the request was sent outside the United States.

---

**DATE**

**SIGNATURE**
**PRINTED/TYPED NAME: JAY C. BARTLETT**

Duty to avoid unnecessary costs of service of summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

If not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE FOR SUMMONS

TO:(A) GREG SEIPEL  (B) Defendant  (C)

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) Central District of Illinois, and has been assigned docket number (E) 06-3283.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designed below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before sixty days from the date designated below as the date on which this notice is sent (or before 90 days from that date if you address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being mailed to you on behalf of the Plaintiff this _8th_ day of December, 2006.

Signatu

(a) - Name of individual defendant or name of officer or agent of corporate defendant.
(B) - title or other relationship of individual to corporate defendant.
(C) - name of corporate defendant, if any
(D) - district
(E) - docket number of action
(F) - addressee must be given at least 30 days in which to return waiver



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.59 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.84 |

Postmark Here  12/8/06

Sent To  Greg Seipel
Street, or PO  Municipal Center East
City, S  800 East Monroe
Springfield, Illinois 62757

PS Form 3800, June 2002                    See Reverse for Instructions

7006 0100 0000 6919 2539

# WAIVER OF SERVICE OF SUMMONS

## TO: JAMES P. BAKER, ATTORNEY

I acknowledge receipt of your request that I waive service of a summons in the action of *Linda Goetz v. The City of Springfield, Illinois, Greg Seipel, Jay C. Bartlett, Todd Renfrow, and Timothy Davlin* which is case number 06-3283 in the United States District Court for the Central District of Illinois, Springfield Division. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>December 8, 2006</u> or within 90 days after that date if the request was sent outside the United States.

_____

**DATE**

_____

**SIGNATURE**

**PRINTED/TYPED NAME: GREG SEIPEL**

### Duty to avoid unnecessary costs of service of summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

If not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE FOR SUMMONS

TO:(A) TIMOTHY DAVLIN  (B) Defendant  (C)

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) Central District of Illinois, and has been assigned docket number (E) 06-3283.

     This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designed below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before sixty days from the date designated below as the date on which this notice is sent (or before 90 days from that date if you address is not in any judicial district of the United States).

     If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot of) the waiver form.

     I affirm that this request is being mailed to you on behalf of the Plaintiff this __8th__ day of December, 2006.

Signature of Plaintiff's Attorney

(a) - Name of individual defendant or name of officer or agent of corporate defendant.
(B) - title or other relationship of individual to corporate defendant.
(C) - name of corporate defendant, if any
(D) - district
(E) - docket number of action
(F) - addressee must be given at least 30 days in which to return waiver

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.59 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.84 |

Postmark Here   12/8/06

7006 0810 0000 9116 2515

Sent To  Timothy Davlin
City of Springfield
Street, Apt.
or PO Box  800 East Monroe, Room 300
City, State  Springfield, Illinois 62701

# WAIVER OF SERVICE OF SUMMONS

## TO:  JAMES P. BAKER, ATTORNEY

I acknowledge receipt of your request that I waive service of a summons in the action of *Linda Goetz v. The City of Springfield, Illinois, Greg Seipel, Jay C. Bartlett, Todd Renfrow, and Timothy Davlin* which is case number 06-3283 in the United States District Court for the Central District of Illinois, Springfield Division.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>December 8, 2006</u> or within 90 days after that date if the request was sent outside the United States.

_____          _____
**DATE**                                                   **SIGNATURE**
                                                             **PRINTED/TYPED NAME: TIMOTHY DAVLIN**

### Duty to avoid unnecessary costs of service of summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

If not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE FOR SUMMONS

TO:(A) TODD RENFROW  (B) Defendant  (C)

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed).  A copy of the complaint is attached to this notice.  It has been filed in the United States District Court for the (D) Central District of Illinois, and has been assigned docket number (E) 06-3283.

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designed below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope (or other means of cost-free return) for your use.  An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before sixty days from the date designated below as the date on which this notice is sent (or before 90 days from that date if you address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

    I affirm that this request is being mailed to you on behalf of the Plaintiff this __8th__ day of December, 2006.

Signatu

(a) - Name of individual defendant or name of officer or agent of corporate defendant.
(B) - title or other relationship of individual to corporate defendant.
(C) - name of corporate defendant, if any
(D) - district
(E) - docket number of action
(F) - addressee must be given at least 30 days in which to return waiver

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.59 |
| Certified Fee | 2.18 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.84 |

12/8/06
Postmark Here

7006 0100 0000 9196 2522

Sent: Todd Renfrow
Street or PO: Municipal Center East
             800 East Monroe
City: Springfield, Illinois 62757

# WAIVER OF SERVICE OF SUMMONS

## TO:  JAMES P. BAKER, ATTORNEY

     I acknowledge receipt of your request that I waive service of a summons in the action of *Linda Goetz v. The City of Springfield, Illinois, Greg Seipel, Jay C. Bartlett, Todd Renfrow, and Timothy Davlin* which is case number 06-3283 in the United States District Court for the Central District of Illinois, Springfield Division.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

     I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

     I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

     I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>December 8, 2006</u> or within 90 days after that date if the request was sent outside the United States.


_____

**DATE**

_____

**SIGNATURE**
**PRINTED/TYPED NAME: TODD RENFROW**

Duty to avoid unnecessary costs of service of summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

     If not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

     A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.