**E-FILED**
Wednesday, 14 February, 2007  04:19:02 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **LINDA GOETZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **CASE NO. 06-CV-3283** |
| ) | |
| **THE CITY OF SPRINGFIELD, ILLINOIS,** ) | |
| **a municipal corporation, GREG SEIPEL,** ) | |
| **JAY C. BARTLETT, TODD RENFROW,** ) | |
| **and TIMOTHY J. DAVLIN,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

NOW COME the Defendants, the City of Springfield, Illinois, Greg Seipel, Jay C. Bartlett, Todd Renfrow and Timothy J. Davlin, by and through their attorneys, Jenifer L. Johnson, Corporation Counsel, and Frank Martinez, Assistant Corporation Counsel, and move to dismiss the Compliant, with prejudice.  In support of this Motion, the Defendants state as follows:

1.	Pursuant to FRCP 12(b)(6), the Complaint fails to state a claim upon which relief can be granted.

2.	In support of this Motion, Defendants submit their Memorandum of Law.

WHEREFORE, Defendants pray this Court dismiss the Complaint with prejudice, grant Defendants their costs and any other relief the Court deems just.

**Respectfully submitted,**
**THE CITY OF SPRINGFIELD,**
**ILLINOIS, GREG SEIPEL, JAY C.**
**BARTLETT, TODD RENFROW, and**
**TIMOTHY J. DAVLIN,**
**Defendants.**

s/Frank Martinez
Bar Number: 6225562
Assistant Corporation Counsel
Attorney for the Defendants
800 East Monroe Street
Room 313, Municipal Center East
Springfield, Illinois 62701-1680
Telephone:  (217) 789-2393
Facsimile:   (217) 789-2397

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **LINDA GOETZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vi.** | ) | **CASE NO. 06-CV-3283** |
| | ) | |
| **THE CITY OF SPRINGFIELD, ILLINOIS,** | ) | |
| **a municipal corporation, GREG SEIPEL,** | ) | |
| **JAY C. BARTLETT, TODD RENFROW,** | ) | |
| **and TIMOTHY J. DAVLIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2007, I electronically filed **DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: James P. Baker; and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: n/a

**s/Frank Martinez**
Bar Number 6225562
Attorney for Defendants
City of Springfield
Assistant Corporation Counsel
Room 313 Municipal Center East
800 East Monroe Street
Springfield, Illinois 62701-1689
Telephone:   (217) 789-2393
Fax:             (217) 789-2397
Email:          corporationcounsel@cwlp.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LINDA GOETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 06-CV-3283 |
| | ) | |
| THE CITY OF SPRINGFIELD, ILLINOIS, | ) | |
| a municipal corporation, GREG SEIPEL, | ) | |
| JAY C. BARTLETT, TODD RENFROW, | ) | |
| and TIMOTHY J. DAVLIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**NOW COME** Defendants, by and through its attorneys, Jenifer L.
Johnson, Corporation Counsel, and Frank Martinez, Assistant
Corporation Counsel, and submit their Memorandum in Support of
Motion to Dismiss:

## STANDARD FOR MOTION TO DISMISS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to
determine whether the Plaintiff has stated a claim upon which relief can
be granted. *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115, 1118 (7th Cir.
1995). The court must accept the well-pleaded allegations of the
complaint as true and construe them in the light most favorable to the
Plaintiff. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir.
1997).  However, the court is neither bound by the Plaintiff's legal
characterization of the facts, nor required to ignore facts set forth in the
complaint that undermine the Plaintiff's claims. *Scott v. O'Grady*, 975

F.2d 366, 368 (7th Cir. 1992). Dismissal is proper only when it appears

beyond doubt that the Plaintiff can prove no set of facts to support

allegations in the claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);

*Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1219 (7th

Cir. 1994); *Strasburger v. Board of Educ.*, 13 F.3d 351, 359 (7th Cir.

1998). Nonetheless, in order to withstand a motion to dismiss, a

complaint must allege facts sufficiently setting forth the essential

elements of a cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th

Cir. 1992).   A Plaintiff can plead herself out of court by alleging facts

showing there is no viable claim.  *Jackson v. Marion County*, 66 F.3d 151,

153 (7th Cir. 1995).

### PLAINTIFF'S DUPLICATIVE CLAIMS AGAINST THE DEFENDANTS SHOULD BE DISMISSED.

The City is already named as a party in Count I and Count VI, of

the Complaint; therefore, it is redundant for the individual Defendants to

be named in their official capacity. Official capacity suits "generally

represent only another way of pleading an action against an entity of

which can officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-

66 (1985). Since the Plaintiff already named the City as a Defendant in

Count I, the claims against Defendants Greg Seipel, Jay C. Bartlett, Todd

Renfrow and Timothy Davlin in their official capacities should be

dismissed as duplicative. See *Alicea v. City of Chicago*, 2002 WL 102553

(N.D. Ill. 2002) (claims against individual defendant dismissed as duplicative since City already named as a defendant).

The court in *Tabor v. City of Chicago*, 10 F.Supp. 2d 988, 991 (N.D. Ill. 1998), stated "[t]o allow the plaintiff to sue both the City and its agents would essentially allow the plaintiff to sue the City twice for the same set of allegations. Accordingly, courts have routinely dismissed claims against municipal agents in such cases." (numerous citations omitted). The court in *Tabor* then dismissed plaintiff's claim against individual Defendants in their official capacities with prejudice. Therefore, the Plaintiff's claims against the individual defendants in their official capacities should be dismissed with prejudice.

## REQUEST FOR PUNITIVE DAMAGES AGAINST THE CITY SHOULD BE DISMISSED AND STRICKEN FROM THE COMPLAINT.

Punitive damages are not recoverable against municipal corporations. *See Kiser v. Naperville Community Unit,* et. al. 227 F.Supp.2d 954 (N.D. Illinois, 2002) *citing City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). *See also Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099 (1985)(punitive damages are not available under Section 1983 from a municipality). The court in *Kiser* held that "*Facts Concert*s is limited to § 1983 claims, but the discussion reveals that punitive damages against municipal corporations are also barred under Illinois law." *Kiser,* 227 F.Supp.2d at

3

961. Thus, the plaintiff's request for punitive damages against the City of Springfield should be dismissed and stricken from the Complaint.

### COUNT II THROUGH COUNT VII OF THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF.

Count II through Count VII is an action brought pursuant to 42 USC §1983 by plaintiffs against the City and all four individual defendants. §1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

§1983 creates no substantive rights but only provides a remedy for the violation of rights secured by the Constitution and federal laws. *Baker v. McCollan,* 443 U.S. 137, 144 n-3, 99 S.Ct. 2689, 2695 n-3 (1979).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he or she was (1) deprived of a federal right, privilege, or immunity (2) by any person acting under color of state law.  See *Gomez v. Toledo*, 446 U.S. 635, 638, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)(citing 42 U.S.C. § 1983).

### Individual Liability

Seipel, Bartlett, Renfrow and Davlin cannot be held liable in a §
1983 action unless they caused or participated in an alleged
constitutional deprivation.  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th
Cir. 1983).  "Without a showing of direct responsibility for the improper
action, liability will not lie against a supervisory official."  *Wolf-Lillie*, 699
F.2d at 869.  Thus, "[i]ndividual liability for damages under section 1983
is predicated upon personal responsibility."  *Schultz v. Baumgart*, 738
F.2d 231, 238 (7th Cir. 1984).  The plaintiff speculates that Seipel,
Bartlett and Renfrow "directed, recommended or approved the actions"
that were taken against the Plaintiff.  The plaintiff is unable to
demonstrate that Seipel, Bartlett or Renfrow were directly or personally
responsible for the alleged improper action that was taken against the
plaintiff and thus individual liability cannot be shown.  In order for the
plaintiff to recover for damages under 42 U.S.C. § 1983, she must
establish defendant's personal responsibility for the claimed deprivation
of a constitutional right.  See *Duncan v. Duckworth*, 644 F.2d 653, 655
(7th Cir. 1981). More importantly, the plaintiff's layoff does not deprive
her of a federal right, privilege or immunity under § 1983, because a
layoff does not rise to the level of a federal right, privilege or immunity.

### The Plaintiff Cannot Expand Section 1983 to Cover Alleged Title VII Violations.

The plaintiff cannot bring an action under § 1983 based upon Title
VII as stated in *Huebschen v. Department of Health and Social Services*,
716 F.2d 1167 (7th Cir. 1983).  The court in *Huebschen* held:

The effect of allowing a plaintiff to bring an action under section 1983 based upon Title VII against a defendant who could not be sued directly under Title VII would be to enlarge the relief available to one bringing an action for a violation of Title VII.  Plaintiff's proceeding under section 1983 for violations of Title VII would obtain substantive enlargement of the latter if they were able to sue a class of persons immune from actions brought directly under Title VII.

This is exactly what the Plaintiff is trying to do in this case when she alleges that Seipel, Bartlett, Renfrow, and Davlin treated her differently and less favorably than other project managers working under the defendants' supervision because of her gender.  Said defendants are not employers under the definition of Title VII and thus the plaintiff cannot maintain an action against them under said provision.  Thus, the Seventh Circuit has held this type of claim cannot go forward, which warrants the dismissal of Counts II through V.

### Municipal Liability

To sue the City for damages, plaintiff must allege that her damages resulted from "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 694 (1978).  "A municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.  Municipalities are not vicariously liable under §1983.  *Taylor v. Carmouche,* 214 F.3d 788, 791 (7th Cir.

6

2000).  Recovery from a municipal entity is therefore, "limited to acts that are, properly speaking, acts 'of the municipality'-that is, acts which the municipality sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1886); see also *Fiorenzo v. Nolan*, 965 F.2d 348, 350 (7th Cir. 1992).

A municipality is not liable under §1983 unless the deprivation of constitutional rights is caused by a municipal policy or custom.  *Monell*, 436 U.S. at 694.  Case law establishes that a plaintiff may demonstrate the existence of municipal policy or custom in one of three ways: (1) proof of an express policy causing the constitutional deprivation; (2) a widespread practice constituting a custom or usage that caused the injury or (3) causation of the injury by a person with final policy making authority.  *Kujawski v. Board of Comm'r of Bartholomew County,* 183 F.3d 734, 737 (7th Cir. 2000).

Plaintiff in Count VI has failed to allege any facts to show a constitutional deprivation caused by an express policy of the City. "Although Fed.R.Civ.P. 8 does not require detailed factual pleading, a plaintiff's assertions must still direct the defendant to the factual cause of the plaintiff's alleged injury." *McTigue v. City of Chicago,* 60 F.3d 381, 382 (7th Cir. 1995).  To the contrary, the City has an express policy condemning gender discrimination set out in the City Code of Ordinances, 1988 as amended, sec. 36.02, 36.36 and related Civil Service Commission Rules 1.8, 1.9, 1.10.

The Plaintiff also has not alleged that the individual defendants were persons with final policy making authority. As stated in *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994), "it must be alleged adequately that a defendant is a final policymaker."  In *Auriemma v. Rice,* 957 F.2d 397, 399-400 (7th Cir. 1992), the Seventh Circuit Court of Appeals held that the Superintendent of the Chicago Police Department was not a final policymaker so as to hold the City liable for his actions.  In *Partee v. Metropolitan School Dist of Wash. Twp*, 954 F.2d 454, 456 (7th Cir 1992), the Seventh Circuit upheld the federal district court's ruling that the school board and not the superintendent of schools had final policymaking authority.  In *Baxter v. Vigo County School Corp*, 21 F.3d 728, 729 (7th Cir. 1994), the Seventh Circuit upheld the federal district court's dismissal of a §1983 claim.  One issue raised was whether the plaintiff's claim alleged facts sufficient to show the Superintendent of Schools was a final policymaker.  The court held that sufficient facts were not pleaded to show the Superintendent was a final policymaker.  *See also Greensboro Professional Fire Fighters Assn v. City of Greensboro,* 64 F.3d 962, 965-966 (4th Cir. 1995) (fire chief not a final policymaker, in the City of Greensboro only the city manager and city council possess authority to fashion policy on employer-employee relations); *Worshan v. City of Pasadena,* 881 F.2d 1336, 1340-1341 (5th Cir. 1989) (existence of meaningful review of personnel decisions by city council indicates city officials who fired plaintiff were not final

8

policymakers); *Bechtel v. City of Belton*, 250 F.3d 1157, 1161 (8th Cir.
2001) (fire chief not a final policymaker); *Gillette v. Delmore,* 979 F.2d
1342, 1350 (9th Cir. 1992) (under Oregon law authority to make
employment policy lies in city manager and the city council, therefore
City not liable for actions of fire chief).

The plaintiff can establish a "policy or custom" by showing a
widespread practice that, although not authorized by written laws or
express municipal policy, is so permanent and well-settled as to
constitute a custom or usage with the force of law.   The plaintiff does
not allege this nor do the facts of this case support this assertion. The
City has not been deliberately indifferent to problems of gender
discrimination. It adopted an ordinance condemning gender
discrimination. It established the civil service commission and gave it
authority to adopt rules and regulations. The commission adopted rules
prohibiting gender discrimination, authorized employees to file
complaints and the commission adopted a procedure to investigate such
complaints. Section 36.29 of the Springfield Code of Ordinances, 1988,
as amended, empowers the commission to entertain complaints alleging
unlawful discrimination. Section 36.29(c) reads:

§ 36.29. Hearings by the civil service commission.

The commission shall have the sole and exclusive power to
hear and determine the following matters:

 (c) Complaints alleging unlawful discrimination in selection
procedures in employment leading to initial appointment to,

9

dismissal from, demotion from, transfer to, promotion to any position under this chapter.

Section 36.30 of the Springfield City Code of Ordinances, 1988, as amended delegates to the commission the power to investigate a violation of rules, to hold hearings and devise a remedy. Section 36.30 provides:

> The commission, upon receipt of a complaint may conduct an investigation of the enforcement of the civil service commission rules and regulations, and when the commission finds reasonable basis for the belief that a violation of the rules has occurred, to hold a hearing and, if a violation is found, to order an appropriate remedy.

The City Council has also adopted a discriminatory practices code which prohibits unlawful discrimination in employment. Section 93.09 of the Springfield Code of Ordinances, 1988, as amended provides:

§ 93.09. Unfair employment practices.

(a)    It is declared to be the policy of the city to prohibit unfair employment practices as hereinafter defined.

(b)    It is a civil rights violation and an unfair employment practice:

(1)    For any employer, because of the race, color, religion, sex, national origin, ancestry, age, marital status, handicap unrelated to ability, to refuse to hire, to segregate, or otherwise to discriminate against such person with respect to hire, selection, promotion, discharge, discipline, training for apprenticeship in any trade or craft, tenure, terms, or other conditions of employment.

(4)    For any employer, employment agency, or labor organization to discriminate against any person because that person, reasonably and in good faith, has opposed any practice forbidden herein, or because that person, reasonably and in good faith, has made a charge, testified, or assisted in any investigation, proceeding, or hearing.

(5)    For any employer, employment agency, or labor organization to inquire on a written application whether a job applicant has ever been arrested, however, this subsection (5) shall not be construed to preclude any employer, employment agency, or labor organization from inquiring on a written application whether a job applicant has ever been convicted of any offense which may be construed as job related.

(6)    For any person to compel or cause any person to engage in any of the acts declared herein to be unfair employment practices.

The existence of workable review procedures from which the plaintiff could derive satisfaction undermines her claim that the City treated her differently and less favorably than other male project managers based on her gender.  *Gray v. Dane County,* 854 F.2d 179, 184 (7th Cir. 1988)  "Given the high degree of culpability that must be shown to establish municipal liability for acquiescence in employees' wrongdoing (citations omitted), the allegations of municipal misconduct contained in the complaint fall short of the mark."  *Gray* 854 F.2d at 184.

### THE PLAINTIFF FAILS TO STATE A CLAIM OF PROCEDURAL DUE PROCESS UNDER THE 14TH AMENDMENT IN COUNT VII THROUGH COUNT XI.

The Fourteenth Amendment Due Process Clause, forbids a state from depriving any person of life, liberty, or property without due process of law.  To state a federal procedural due process claim, the Plaintiff must demonstrate: (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process.  *Licari v. City of Chicago*, 298 F.3d 664, 668 (7th Cir. 2002).  The plaintiff has not

established a constitutionally protected property interest in her

continued employment with the City when she was laid off.

The plaintiff takes an inconsistent position as to why she no longer

works for the City of Springfield.  First, she correctly alleges that she was

laid off from her employment with the City.  Under Counts VII through

Count XI, the plaintiff makes this same allegation, but she also alleges

she was discharged from her employment in an effort to make a viable

claim of procedural due process.  While federal law generally requires

only notice pleading under Fed.R.Civ.P. 8(a), a plaintiff who elects to

plead extensive facts, runs the risk that in doing so they will "plead

themselves out of court" by asserting factual material that undercuts the

more general allegations they have made.  *Thomson v. Illinois Dept. of*

*Professional Regulation*, 300 F.3d 750, 758 (7th Cir. 2002).

For the Plaintiff to proceed under a violation of procedural due

process, "[t]he threshold question is whether a property interest actually

exists."  *Buttitta v. City of Chicago*, 9 F.3d 1198, 1201 (7th Cir. 1993).

The Plaintiff argues she was discharged from her employment without

due process by being denied the opportunity for a pre-disciplinary

hearing by citing the Illinois Municipal Code [65 ILCS 5/10-1-18].

However, "failure to conform with procedural requirements guaranteed

by state law does not by itself constitute a violation of federal due

process."  *Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 706-07

(7th Cir. 2002).  *See also Pro-Eco, Inc. v. Bd. of Comm'rs of Jay County,*

*Ind.*, 57 F.3d 505, 514 (7th Cir. 1995)(holding that a violation of state procedural statute does not violate the Constitution); *Wallace v. Tilley*, 41 F.3d 296, 301 (7th Cir. 1994)("The denial of state procedures in and of itself does not create inadequate process under the federal constitution."); *Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir. 1993)("[A] violation of state law...is not a denial of due process, even if the state law confers a procedural right.").  The plaintiff's attempt to establish a property interest based on state law does not rise to a violation of federal procedural due process.  More importantly, the plaintiff's claim against the defendants cannot be sustained on the facts set forth in her Complaint and should be dismissed.

Furthermore, the Illinois Supreme Court in *Powell v. Jones*, 56 Ill.2d 70, 82, 305 N.E.2d 166 (1973), concluded that in the case of lay-offs, as distinguished from discharges, a plenary hearing was not required.  The Supreme Court held "[i]t would be virtually impossible for State government to function without substantial confusion, delay and uncertainty if each certified employee were entitled to receive a plenary hearing prior to a lay-off."  *Id.*

For the sake of argument, even if the plaintiff were entitled to a pre-deprivation hearing, there were no charges for the plaintiff to respond to or rebut because she was not being discharged for cause.  Generally, some form of pre-deprivation notice and hearing is required before a public employee with a property interest in the job can be

discharged. *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 547, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The Supreme Court, however, "[s]tress[ed] that the predetermination hearing 'should be an initial check against mistaken decisions-essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action,' [so] that the pretermination process need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story." *Gilbert v. Homar*, 520 U.S. 924, 929, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997)(citing *Loudermill*, 480 U.S. at 545-46). Thus, plaintiff was not entitled to a due process hearing at all because there were no charges of misconduct against her to confront.

The 6th Circuit has recognized in *Riggs v. Kentucky*, 734 F.2d 262, 265 (6th Cir. 1984), that there is no property right where statute permits layoffs due to "reorganization, lack of funds, or work, or the abolishment of positions" because "[i]t is the cause element which confers upon the property right the imprimatur of constitutionality." This is the exact situation in this case, because City Code has the same language referenced in *Riggs*. (See Exhibit A, Section 36.59). Section 36.59 of City Code gives the appointing authority the power to lay off any employee due to shortage of work of funds, the abolition of a position, or because of changes in organization. The Court should consider this provision because "[d]ocuments that a defendant attaches to a motion to dismiss

are considered as a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Associates Corp. v. Zenith Data System Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The plaintiff refers to the City Code to bolster her claims against the City and the layoff provision of the City Code is central to her claim in discussing how the City handles lay offs in general. More importantly, it demonstrates that the plaintiff has no property interest in her position with the City due to a lay off.

WHEREFORE, Defendants pray this Court dismiss the Complaint with prejudice, grant Defendants their costs and any other relief the Court deems just.

**Respectfully submitted,
THE CITY OF SPRINGFIELD,
ILLINOIS, GREG SEIPEL, JAY C.
BARTLETT, TODD RENFROW, and
TIMOTHY J. DAVLIN,
Defendants.**

s/Frank Martinez
Bar Number: 6225562
Assistant Corporation Counsel
Attorney for the Defendants
800 East Monroe Street
Room 313, Municipal Center East
Springfield, Illinois 62701-1680
Telephone:   (217) 789-2393
Facsimile:   (217) 789-2397

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **LINDA GOETZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vi.** | ) | **CASE NO. 06-CV-3283** |
| | ) | |
| **THE CITY OF SPRINGFIELD, ILLINOIS,** | ) | |
| **a municipal corporation, GREG SEIPEL,** | ) | |
| **JAY C. BARTLETT, TODD RENFROW,** | ) | |
| **and TIMOTHY J. DAVLIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2007, I electronically filed **DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: James P. Baker; and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: n/a

> **s/Frank Martinez**
> Bar Number 6225562
> Attorney for Defendants
> City of Springfield
> Assistant Corporation Counsel
> Room 313 Municipal Center East
> 800 East Monroe Street
> Springfield, Illinois 62701-1689
> Telephone: (217) 789-2393
> Fax: (217) 789-2397
> Email: corporationcounsel@cwlp.com

16

EMPLOYMENT POLICIES                                § 36.60

(7)  If both spouses are employed by the City of Springfield, their total leave in any 12-month period may be limited to an aggregate of 12 weeks if the leave is taken for the birth or placement for adoption/foster care of a child.

(8)  The city shall designate leave as FMLA leave as soon as it is aware of the purpose of the leave and in no case later than within two business days after the employee's return to work. The employee shall be notified in writing of the designation.

(9)  The city shall maintain health benefits for the employee while on FMLA leave on the same terms and conditions as coverage would have been provided if the employee had continued in employment continuously for the duration of the leave. The employee will be required to maintain individual health premiums, if any. An employee returning from an FMLA leave shall be placed in the position held prior to the leave or to a position equivalent in pay and benefits.

(10) Failure to return to work. The city may recover the premiums that the city paid for maintaining coverage for the employee under a group health plan during any period of unpaid leave under this subsection if the employee fails to return from the leave, after the period of leave to which the employee is entitled has expired, for a reason other than the continuation, recurrence, or onset of a serious health condition or other circumstances beyond the control of the employee.

(j)  Any employee of the City of Springfield who is a certified disaster service volunteer of the American Red Cross or assigned to the Illinois Emergency Management Agency in accordance with the Illinois Emergency Management Agency Act [20 ILCS 3305/1 et seq.], the Emergency Management Assistance Compact Act [45 ILCS 151/1 et seq.], or other applicable administrative rules may be granted leave from his work with pay for not more than 20 working days in any 12-month period to participate in specialized disaster relief services for the American Red Cross or for the Illinois Emergency Management Agency, as the case may be, upon the request of the American Red Cross or the Illinois Emergency Management Agency for the services of that employee and upon approval of that employee's director, without loss of seniority, pay, vacation time, compensatory time, personal days, sick time or earned overtime accumulation. The city shall compensate an employee granted leave under this section at his regular rate of pay for those regular work hours during

which the employee is absent from his work. Leave under this section shall not be unreasonably denied for services related to a disaster within the United States or it territories.

(Ord. No. 923-11-90, 11-20-90; Ord. No. 294-4-92, 4-7-92; Ord. No. 500-6-92, §§ 1, 2, 6-2-92; Ord. No. 609-9-96, § 1, 9-3-96; Ord. No. 613-12-98, § 1, 12-1-98; Ord. No. 235-4-00, § 1, 4-18-00; Ord. No. 558-09-03, § 1, 9-30-03; Ord. No. 706-10-05, § 1, 10-4-05)

### § 36.59. Layoff.

(a)  An appointing authority may lay off any employee within an operational unit in the city service whenever this action is made necessary by reason of shortage of work or funds, the abolition of a position, or because of changes in organization. However, no employee within the affected operating unit shall be laid off while there are temporary or probationary employees serving in the same class of position for which the employee is eligible and available.

(b)  If it becomes necessary to lay off an employee, the appointing authority may take into consideration the employee's performance, length of service, and ability to do the work remaining in the department.

(c)  Employees on layoff shall not accumulate vacation and sick leave during the period of absence, and their anniversary date shall be adjusted by the period of layoff.

(d)  The appointing authority shall be responsible for establishing a reemployment plan consisting of a reemployment list, the posting of the list and maintenance thereof. The reemployment plan must be submitted to the civil service commission.

(e)  The names of employees laid off shall be placed on a reemployment list for a period of 12 months.

(f)  Reappointment shall be according to the position on the reemployment list.

### § 36.60. Resignation.

Any employee wishing to leave the city service in good standing shall file with the appointing authority, at least two weeks before leaving, a written resignation stating the date the resignation shall become effective. Upon receipt of the resignation by the appointing authority, it shall become irrevocable. Failure to comply with this procedure may be considered cause for denying the employee future employment by the city.

**EXHIBIT**

tabbies

_A_